# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# TEXARKANA DIVISION

| | |
|---|---|
| **MOISES MENDOZA,** § | |
| Petitioner, § | |
| v. § | No. 5:09cv86 |
| § | |
| **RICK THALER,** Director, § | |
| Texas Department of Criminal Justice, | |
| Correctional Institutions Division, § | |
| Respondent. § | |

## MEMORANDUM OPINION

Petitioner Moises Mendoza, ("Mendoza"), an inmate in the custody of the Texas Department of Criminal Justice, Institutional Division, filed an application for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Mendoza challenged his capital murder conviction and death sentence imposed in the 401st Judicial District Court of Collin County, Texas in trial cause number 401-80728-04, styled *The State of Texas v. Moises Mendoza.* Mendoza raised seven claims in his application:

> 1. Trial counsel was constitutionally ineffective for failing to obtain a comprehensive psycho-social history; without such history, counsel lacked the necessary facts to formulate an effective defense theory for guilt-determination and the punishment-determination phases of his trial.

2. Trial counsel was constitutionally ineffective for failing to consider, investigate, and present condition-of-the-mind evidence to negate the *mens rea* element in the guilt-determination phase of his trial.

3. Mendoza's conviction and sentence of death violates his Fourteenth Amendment due process rights because he lacked the necessary *mens rea* for conviction of capital murder and is thus actually innocent of capital murder.

4. Mendoza's trial counsel rendered ineffective assistance because they failed to adequately investigate and develop crucial mitigating evidence.

5. Mendoza was denied his Sixth and Fourteenth Amendment rights to individualized sentencing by trial counsel's failure to adequately present crucial mitigating evidence.

6. The trial court's ruling that Dr. Sorensen was not a qualified expert violated Mendoza's Eighth Amendment right to individualized sentencing under *Lockett v. Ohio,* 438 U.S. 586 (1978).

7. Trial counsel was ineffective for failing to present testimony to support a sentence less than death and to give a favorable opinion concerning Mendoza's risk assessment.

On January 24, 2012, pursuant to 28 U.S.C. § 636(b)(1)(B), this case was referred to the Hon. Caroline Craven, U.S. magistrate judge, for a Report and Recommendation for disposition of the application, Mendoza's motion to expand the record, and his motion for an evidentiary hearing. On June 19, 2012, the magistrate judge issued a Report and Recommendation in which she recommended that the Court (1) grant Mendoza's motion to expand the record, (2) deny his motion for an evidentiary hearing, (3) deny his first, second, third, fourth, fifth and seventh claims, and (4) dismiss his sixth claim with prejudice.

Both parties objected to the magistrate judge's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court has made a *de novo* determination of those portions of the report and recommendation to which objections have been made.

**I. Respondent's Objection**

Respondent Rick Thaler ("the Director") objects to the recommendation that the Court grant Mendoza's motion to expand the record. He cites *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011) for the proposition that once the state court has adjudicated a claim on the merits, review under 28 U.S.C. §2254(d) is limited to the record developed in the state court proceedings. Noting that the magistrate judge recommended that this Court grant Mendoza's motion to expand the record on the grounds that the state court denied his motion for discovery, the Director contended:

> [T]he fact that Mendoza asked for but was denied discovery from the state court does not remove him from the confines of *Pinholster*. The Supreme Court made no exception to the rule announced in *Pinholster* allowing for consideration of evidence by the federal court when the state court adjudicated the claims on the merits but denied additional factual development. The Court simply held that "review under 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."

Doc. No. 56 at 3.

There is some question as to whether expansion of the record is allowed under these circumstances. *See Murphy v. Johnson*, 205 F.3d 809 (5th Cir. 2000). The Court is not persuaded that *Pinholster* prohibits this practice. *See Wilson v. Pearson*, 683 F.3d 489, 501 (4th Cir. 2012). Accordingly, the Court overrules the Director's objection and adopts the magistrate judge's recommendation.

**II. Mendoza's Procedural Objections**

Mendoza objects to the magistrate judge's recommendation that the Court deny his motion for an evidentiary hearing. After conducting a *de novo* review of Mendoza's claims and reviewing the new evidence, which showed that members of the defense team had some confusion over each other's roles, the Court finds that the new evidence identified by Mendoza does not raise any material issues of fact requiring an evidentiary hearing. Even considering the new evidence, the outcome remains unchanged. Accordingly, the Court will overrule Mendoza's motion for an

evidentiary hearing and adopt the magistrate judge's recommendation.

Mendoza also objects to the magistrate judge's Report and Recommendation on the grounds that she should not have applied the deferential standard of review in 28 U.S.C. § 2254(d) because the state court did not allow Mendoza to conduct discovery. He contends that the Court should conduct a plenary review of his claims. The Court acknowledges that limited exceptions exist to the deferential review standard. *See, e.g.*, *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011), *pet. cert. filed* (U.S. Mar. 21, 2012) (No.11-9526). But the Court finds this issue immaterial. The magistrate judge's recommendation is correct regardless of whether the § 2254(d) deferential standard of review is applied. Accordingly, Mendoza's objection is overruled, and the Court adopts the recommendation of the magistrate judge.

**III. Mendoza's Substantive Objections**

In his first substantive objection, Mendoza argues that the magistrate judge "sidestepped" his argument that his defense counsel was deficient in failing to offer a "unified theory" that applied at both the guilt-determination and the punishment-determination phases of his trial. In *Strickland v. Washington*, the Supreme Court held that an attorney's conduct would be reviewed for reasonableness under the facts and circumstances known to the attorney. 466 U.S. 668, 690–91 (1984). The magistrate judge noted that it would be unreasonable for counsel to rely on inconsistent defense theories at the two phases of a capital trial. But the magistrate judge recommended finding that the two defense theories offered at Mendoza's trial *were not inconsistent*.[1] Furthermore, failing to offer a "unified theory" for the guilt-determination and the punishment-determination phases of

---

[1] At the guilt determination phase of his trial, Mendoza's defense was that he did not intend to rob the victim, so he could not be guilty of capital murder. At the punishment-determination phase, he contended that the reason he lacked the ability to control his impulse to kill was because of feelings of abandonment, drug and alcohol abuse, and a peer group of self-destructive and amoral friends.

4

a capital trial is not deficient performance *per se.* Accordingly, this objection is overruled, and the Court adopts the recommendation of the magistrate judge.

Next, Mendoza objects to the magistrate judge's recommendation that his second claim be denied. Mendoza argues that his trial counsel failed to exercise reasonable professional judgment by failing to investigate a defense based on lack of *mens rea*. Specifically, Mendoza argues that brain damage resulting from alcohol use rendered him incapable of possessing the necessary criminal intent. He contends that his trial counsel unreasonably relied on an expert opinion—formed after the expert observed Mendoza and interviewed him about his alcohol use—that no evidence of brain damage existed. Mendoza contends that mental health issues must be investigated, regardless of the absence of observable symptoms. The Court disagrees. *See Roberts v. Dretke*, 381 F.3d 491, 499 (5th Cir. 2004) (noting that it is not deficient performance for trial counsel to forego further investigation of defendant's mental health based upon personal observation and a report of expert witness). Thus, Mendoza's objection to the magistrate judge's recommendation as to Claim Two is overruled, and the recommendation is adopted.

Mendoza's next objection challenges the magistrate judge's proposed finding that his third claim is barred from review in federal *habeas corpus.* In his third claim, Mendoza contends that he is actually innocent because he did not have the necessary *mens rea* for murder. Quoting *Herrera v. Collins*, 506 U.S. 390, 417 (1993), Mendoza claims that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." *See* Second Amended Petition for Writ of Habeas Corpus at 112 n. 87, Doc. 34. The magistrate judge proposed finding that regardless of how persuasive Mendoza's claim of actual

innocence might be, relief in *habeas corpus* is not warranted because there is a state avenue open to process his claim: the Texas Board of Pardons and Paroles.

Mendoza now contends that *Herrera* only applies to "free standing" claims of actual innocence. Mendoza now insists that his claim of actual innocence is not "free standing" because it is tied to a constitutional infirmity in his capital trial—the failure of the prosecution to prove beyond a reasonable doubt that he had the *mens rea* required for a capital murder conviction. Mendoza's argument is wrong for two reasons. First, the claim that the prosecution failed to prove an element of the offense beyond a reasonable doubt raises a legal sufficiency issue, and does not support a claim of actual innocence. *See House v. Bell*, 547 U.S. 518, 538 (2006). Second, having claimed in his petition that he was "actually innocent" and requesting relief based upon *Herrera,* Mendoza may not now change the nature of his claim and object on the grounds that *Herrera* is distinguishable. *See U.S. v. Coy*, 19 F.3d 629, 632 n.7 (11th Cir. 1994), *cert. denied*, 513 U.S. 1006 (1994) (noting that arguments raised for the first time in a reply brief are no properly before a reviewing court).

Furthermore, the magistrate judge recommended denying this claim. But the Court finds it more appropriate to dismiss this claim with prejudice rather than deny it on its merits. *Cf. Salazar v. Dretke*, 419 F.3d 384, 398 (5th Cir. 2005) (denial means that the court addressed the claim on its merits, while dismissal means that court declined to consider the claim for reasons unrelated to the claim's merits). Accordingly, the Court overrules Mendoza's objection as to Claim Three. The Court further finds that Mendoza's third claim should be dismissed with prejudice and adopts the magistrate judge's recommendation as to Claim Three in all other respects.

Mendoza next objects to the magistrate judge's recommendation that the Court deny his

fourth and fifth claims. Specifically, the magistrate judge recommends finding that defense counsel's failure to investigate and present mitigating evidence was reasonable under the circumstances. The report and recommendation stated that when counsel's investigation produces a defense theory that appears plausible in light of ordinary experience, failing to investigate theories which appear less plausible in light of ordinary experience is not unreasonable.[2] Mendoza contends that the magistrate judge's use of the concept of "ordinary experience" was arbitrary and contrary to the legal requirement that counsel conduct "a thorough investigation of law and facts relevant to plausible options."[3]

The Court again disagrees with Mendoza's challenge to the magistrate judge's report. The magistrate judge proposed finding that it is not unreasonable for counsel, after formulating a plausible defense, to forgo investigation of less plausible defenses, unless the evidence being developed weakens the proposed defense or suggests that another line of defense would be stronger. The magistrate judge employed the notion of "in light of ordinary experience" to explain why one defense theory would be considered more plausible or less plausible in the reasonable professional judgment of the attorney. Counsel is not deficient for failing to investigate all plausible options if, in his reasonable professional judgment, some are more plausible than others. *See Williams v. Head*, 1185 F.3d 1223, 1236-37 (11th Cir. 1999). Accordingly, this objection is overruled and the Court adopts the findings of the magistrate judge.

In his next objection, Mendoza challenges the magistrate judge's recommendation that his

---

[2] Mendoza contends that counsel should have discovered and presented evidence that he suffered from a recognized psychological condition known as "attachment disorder" that caused him to experience flashbacks. He claims he was in the midst of a flashback when he killed the victim.

[3] Mendoza also objects to the magistrate judge's characterizing counsel's arguments as a "theory," contending that they were only a "hypothesis." The Court finds that the point at which a hypothesis becomes a theory is not material to this analysis.

sixth claim be dismissed with prejudice because it was procedurally defaulted in state court. The trial court sustained the prosecution's objection that Dr. Johnathan Sorenson—the defense forensic expert on future dangerousness risk assessment—was not qualified to provide expert testimony. Mendoza objected to the trial court's ruling as a violation of state evidentiary rules. In his state post-conviction proceedings, Mendoza contended that the exclusion of Dr. Sorenson violated Mendoza's constitutional right to present mitigating evidence. The state court found that Mendoza's federal constitutional claim had been waived because he did not raise it when the trial court ruled. Citing *Sharp v. Johnson*, 107 F.3d 282, 285-86 (5th Cir. 1997), the magistrate judge similarly found that this claim had been procedurally defaulted.

Mendoza argues that, unlike the defendant in *Sharp*, he offered evidence outside of the record in his state post-conviction proceedings. Mendoza relies on *Ex Parte Halliburton*, 755 S.W.2d 131 (Tex. Crim. App. 1988), where the state court addressed the merits of a claim that had not been raised at trial and that was supported by evidence outside of the record. But the dispositive factor in *Halliburton* was the nature of the claim, rather than the fact that the claim was supported by evidence from outside the record:

> The State argued in its motion that: "Since Applicant cannot show an objection at trial, he cannot meet the first element of proof required by this court." Further, the court of appeals had resolved this issue against applicant in his appeal to that court after his conviction. We impliedly rejected the State's argument when we denied the motion. . . .[W]e believe that the first person "systematically excluded" against, as per *Swain*, *supra*, is just as entitled to complain of systematic exclusion as is the last person systematically excluded against. In other words, if the systematic exclusion is not apparent at a particular defendant's trial, he should not be excluded from complaining of systematic exclusion by collateral attack when the systematic exclusion becomes apparent. Thus, we could not say prior to applicant's evidentiary hearing that he needed to object at trial in order to preserve *Swain* error. Having found a dispositive ground other than a procedural default, in the opinion above, we decline for the aforementioned reasons to address the procedural default issue.

*Ex parte Halliburton,* 755 S.W.2d at 135 n.5.

Mendoza's sixth claim is not based upon *Swain v. Alabama*, 380 U.S. 202 (1965) and thus is distinguishable from the claim asserted in *Ex parte Haliburton*. Accordingly, the Court overrules Mendoza's objection and adopts the magistrate judge's recommendation.

Finally, Mendoza objects to the magistrate judge's recommendation that the Court deny his seventh claim—that his trial counsel rendered ineffective assistance by calling one future dangerousness or mitigation expert versus another. During the punishment-determination phase, the defense called Dr. Mark Vigen, rather than Dr. Mark Cunningham, as its chief expert witness. Mendoza's attorneys stated in their affidavits that they believed Dr. Vigen would be a more persuasive witness based upon their own experience with Dr. Cunningham in a prior case. Mendoza contends that Dr. Vigen was not qualified to opine on the probability that Mendoza would be a future danger to society. This contention is belied by the fact that the Court allowed Dr. Vigen to offer his expert opinion on the issue. Mendoza also contends that Dr. Cunningham was more knowledgeable than Dr. Vigen, and thus would have been a more persuasive witness. Mendoza's argument does not rebut the fact that counsel had formed a contrary opinion based upon previous experience with Dr. Cunningham. *See Pape v. Thaler*, 645 F.3d 281, 291 (5th Cir. 2011) (trial counsel's decisions regarding examination and presentation of witnesses and evidence cannot be found deficient as long as the choices are the result of a conscious and informed decision on trial tactics). Accordingly, the objection to the magistrate judge's recommendation on Claim Seven is overruled, and the Court adopts the recommendation.

**IV. Conclusion**

For the above reasons, the Court denies both parties' objections, dismisses Mendoza's third and sixth claims with prejudice, and denies his first, second, fourth, fifth, and seventh claims. An order and judgment to this effect will be entered.

**It is SO ORDERED.**

**SIGNED this 28th day of September, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE