**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| MOISES SANDOVAL MENDOZA, § § § Plaintiff, § § v. § § NATHANIEL QUARTERMAN, DIR OF § TDCJ, RICK THALER, DIRECTOR TDCJ- § CID, § § Defendants. | CIVIL ACTION NO. 5:09-CV-00086-RWS |

**ORDER**

Before the Court is Petitioner Moises Sandoval Mendoza's motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Docket Nos. 102, 104. The Director has filed a response in opposition. Docket No. 120. The two motions are duplicates of one another, and the Court addresses them as one motion. For the reasons set forth below, the motion is **DENIED.**

**I.     Background**

Mendoza was convicted and sentenced to death for the capital murder of Rachel Tolleson, who was killed during the course of an attempted burglary, kidnapping and aggravated sexual assault. The Texas Court of Criminal Appeals affirmed the conviction. *Mendoza v. State*, No. AP-75213, 2008 WL 4803471 (Tex. Crim. App. Nov 5, 2008). The state court denied his initial application for a writ of habeas corpus on the merits. *Ex parte Mendoza*, No. WR-70211-01, 2009 WL 1617814 (Tex. Crim. App. June 10, 2009). Mendoza filed the present petition, raising the same claims from his state habeas petition. This Court denied the petition but certified four claims for appeal. Docket No. 71.

Mendoza timely appealed his petition to the United States Court of Appeals for the Fifth Circuit. During the pendency of the appeal, the Supreme Court issued *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013). The Fifth Circuit stayed the appeal and remanded in part with instructions "to appoint supplemental counsel" and "to consider in the first instance whether Mendoza can establish cause and prejudice for the procedural default of any ineffective-assistance-of-trial-counsel claims pursuant to *Martinez* and *Trevino* that he may raise, and if so, whether those claims merit relief." Docket No. 73. The Fifth Circuit retained jurisdiction over the case. *Id.*

The Court appointed supplemental counsel, who filed a supplemental petition raising two primary arguments that Mendoza's trial and state habeas counsel were ineffective: first, that his trial counsel was ineffective for presenting the testimony of Dr. Mark Vigen during the punishment phase of trial, and second, that his trial counsel was ineffective for failing to interview and present a witness, Melvin Johnson, during the punishment phase of trial or discover the State's alleged use of false evidence. Docket No. 94. Mendoza also requested an evidentiary hearing. Docket No. 95. This Court denied the supplemental petition and denied the request for an evidentiary hearing. Docket No. 101.

**II.     Standard of Review**

The United States Supreme Court has discussed the purpose of Rule 59(e) as follows:

Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the Rule was adopted to "mak[e] clear that the district court possesses the power" to rectify its own mistakes in the period immediately following the entry of judgment. . . . Consistently with this original understanding, the federal courts have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits.

*White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 450–51 (1982) (citations omitted). "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation and citation omitted).

A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotations omitted). It "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted), cert. denied, 543 U.S. 976, 125 S. Ct. 411 (2005). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479 (citations omitted). The decision to alter or amend a judgment is committed to the sound discretion of the district judge and will not be overturned absent an abuse of discretion. *S. Contractors Grp., Inc.. v. Dynalectric Co.*, 2 F.3d 606, 611 & n.18 (5th Cir. 1993).

**III.     Discussion**

Mendoza improperly uses his Rule 59(e) motion to rehash matters previously presented to this Court. He had adequate time and opportunity to fully brief his ineffective assistance of trial counsel/state habeas counsel (IAC) claims in his supplemental petition.

Mendoza asserts that his Rule 59(e) motion should be granted because: (1) the Court erred in denying any evidentiary hearing; (2) the Court improperly assessed prejudice when evaluating his ineffective assistance claims; and (3) the Court erred in failing to conduct a *de novo* review and

in relying on the state court findings.  Docket No. 102.  Mendoza's disagreement with the Court's analysis and conclusion is not a basis to alter or amend the November 14, 2019 Order.

    A.  *Whether the Court improperly denied Mendoza's motion for an evidentiary hearing*

Mendoza initially argues that the Court erred in denying his motion for an evidentiary hearing.  Docket No. 101 at 28.  Mendoza sought a hearing to develop the facts relating to Officer Hinton's alleged false testimony and his trial counsel's failure to interview and present Melvin Johnson's testimony.  Docket No. 95 at 4, 9–10.  He now raises substantially the same arguments, asserting that an evidentiary hearing could demonstrate that the state used false testimony and generally stating that an evidentiary hearing is warranted if the facts sought to be developed would warrant relief.  Docket No. 102 at 5–7.  Mendoza also argues that an evidentiary hearing is particularly appropriate for procedurally barred prosecutorial misconduct claims.  *Id.* at 5.

When a habeas petitioner requests an evidentiary hearing, district courts have discretion over whether to grant one.  *See Schriro v. Landrigan*, 550 U.S. 465, 468 (2007).  A district court does not abuse its discretion when denying an evidentiary hearing if it had "sufficient facts before it to make an informed decision on the merits."  *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).  For instance, no abuse of discretion occurs when, assuming "the truth of all the facts" the petitioner seeks "to prove at the evidentiary hearing," the Court is confident that "he still could not be granted federal habeas relief."  *Schriro*, 550 U.S. at 481.

First, Mendoza's arguments relating to claims of prosecutorial misconduct are outside the scope of this Court's review on remand.  The Court's review is limited solely to considering whether Mendoza could establish cause and prejudice under *Martinez* and *Trevino*.  *See* Docket No. 73.

Further, Mendoza's conclusory arguments fail to establish any error in the Court's order. The Court concluded that an evidentiary hearing was not warranted because the facts sought to be proven through such hearing were not material. Docket No. 101 at 27. Specifically, the Court found that Officer Hinton's alleged false testimony about Mendoza's prison assault was not material in light of the substantial evidence proffered in favor of future dangerousness—including the facts of the crime, extensive evidence of violence and delinquency and other evidence of violence in prison. *Id.* at 25. Even assuming the truth of the facts Mendoza sought through an evidentiary hearing would not warrant habeas relief, and the Court did not err in declining to grant an evidentiary hearing. *See Schriro*, 550 U.S. at 481. Mendoza does not establish any error in this finding and instead improperly attempts to relitigate the issue. Relief under Rule 59(e) is unavailable.

B. *Whether the Court improperly assessed prejudice*

Mendoza complains that the Court improperly assessed the prejudice prong set forth in *Strickland v. Washington*, 466 U.S. 688 (1984), and asserts that the Court should have considered all allegations of prejudice raised in his IAC claims "in toto." Docket No. 102 at 8.

Mendoza's "in toto" or cumulative error argument should have been raised in his supplemental briefing. The Fifth Circuit has held that Rule 59(e) motions cannot be used to raise arguments which "could, and should, have been made before the judgment issued." *Matter of Life Partners Holding, Inc.*, 926 F.3d at 128. Mendoza's newly raised argument is improper in a Rule 59(e) motion and should be denied on that basis.

Further, Mendoza has not shown that a cumulative prejudice analysis is warranted here. Though Mendoza cites several cases employing a cumulative error analysis, Mendoza has not identified any binding precedent requiring this court to employ such an analysis. *See Hill v. Davis*,

781 F. App'x 277, 278 (5th Cir. 2019) (finding no error in district court's decision not to employ cumulative prejudice analysis and noting that petitioner failed to point to any Supreme Court precedent requiring cumulative prejudice analysis). Moreover, meritless or non-prejudicial IAC claims cannot be cumulated, no matter how many individual claims are raised. *Dodson v. Stephens*, 611 F. App'x 168, 178 (5th Cir. 2015) (assuming, without deciding, that *Strickland* requires a cumulative prejudice analysis and concluding that such analysis does not warrant relief where trial counsel did not engage in multiple instances of deficient performance). As the Court did not find multiple instances of deficient performance, the Court was not required to consider the cumulative prejudice of his IAC claims. *Id.* Mendoza's request for Rule 59(e) relief on this basis is denied.

        C. *Whether the Court failed to conduct a de novo merits review of Mendoza's IAC claims*

Mendoza finally asserts that the Court failed to review his claims *de novo*. He identifies the Court's reference to the state court's findings and conclusions on IAC claims relating to Dr. Vigen's testimony and argues that the Court improperly relied on such findings. Docket No. 102 at 15.

The Court did not rely on the state court findings; it considered the state court record in evaluating whether state habeas counsel was constitutionally ineffective, as required under the *Martinez*/*Trevino* analysis. *See Chanthakoummane v. Stephens*, 816 F.3d 62, 72 (5th Cir. 2016). After an extensive review of counsel's arguments, the Court determined that state habeas counsel raised several IAC claims relating to Dr. Vigen's testimony and therefore was not constitutionally ineffective for failing to raise the specific claim Mendoza raised in his supplemental petition. Docket No. 101 at 13. The state court's findings and conclusions of law "further informed" this

decision because they made clear that state habeas counsel raised significant IAC claims regarding Dr. Vigen's testimony. *Id.* at 18.

This conclusion did not rely on the state court findings that the underlying ineffective assistance of counsel claim was meritless. The Court explicitly stated that it was considering the state court findings "only for determining whether habeas counsel was constitutionally ineffective." Docket No. 101 at 13 n.4. Indeed, the Court went on to independently consider the merits of the underlying ineffective assistance of counsel claim. Docket No. 101 at 18–20. The Court's order demonstrates that it did not improperly rely on the state court findings. Mendoza's Rule 59(e) motion should also be denied on this basis.

### IV. Conclusion

Having considered Mendoza's Rule 59(e) motion, the Court is of the opinion that the motion should be denied. It is therefore

**ORDERED** that Mendoza's motions to alter or amend the judgment (Docket Nos. 102, 104) are **DENIED**.

All motions not previously ruled on are **DENIED.**

**So ORDERED and SIGNED this 14th day of May, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE