**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| MOISES SANDOVAL MENDOZA, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> NATHANIEL QUARTERMAN, DIR OF § <br> TDCJ, RICK THALER, DIRECTOR TDCJ- § <br> CID, § <br> § <br> Defendants. | CIVIL ACTION NO.  5:09-CV-00086-RWS |

## ORDER

Before the Court is Petitioner Moises Sandoval Mendoza's motion for a certificate of appealability.  Docket No. 107.  "A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017).  Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge.  *Id.*

This Court previously granted a certificate of appealability (COA) on four claims in Mendoza's original petition.  Docket No. 71.  Mendoza appealed.  The Fifth Circuit stayed Mendoza's appeal and remanded in part, but retained jurisdiction over the case.  The Fifth Circuit did not specify, and this Court is unsure, whether a ruling on a new certificate of appealability is required.  However, to the extent that a new certificate of appeal is required for the Court's review on remand, such certificate is **DENIED.**

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution

of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.' " *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-141 (2012)).

In this case, reasonable jurists could not debate the denial of Mendoza's procedurally defaulted ineffective assistance of trial counsel claims or find that the issues presented are adequate to deserve encouragement to proceed further. Accordingly, the Court finds that Mendoza is not entitled to a certificate of appealability as to these claims. However, this order should not alter the Court's original certification of the four claims over which the Fifth Circuit retains jurisdiction. It is accordingly

**ORDERED** that Mendoza's motion for a certificate of appealability (Docket No. 107) is **DENIED.**

**So ORDERED and SIGNED this 14th day of May, 2020.**

*[signature]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE