IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MOISES SANDOVAL MENDOZA | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 5:09-CV-00086 (RWS) |
| BOBBY LUMPKIN,[1] | ) | (Death Penalty Case) |
| Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division | ) | |
| _____ | ) | |

**MOTION TO STAY EXECUTION**

Comes now, MOISES SANDOVAL MENDOZA, Petitioner in the above-styled action, by and through undersigned counsel, and moves this Court to stay the execution currently scheduled for April 23, 2025. In support of this motion, Mr. Mendoza shows as follows.

(1)

Mr. Mendoza was convicted and sentenced to death in Collin County, Texas in June of 2005. He was declared indigent and throughout all proceedings has proceeded *in forma pauperis*.

(2)

---

[1] Bobby Lumpkin is the current Director of the Texas Department of Criminal Justice, Identification Division, and is thus now the appropriate Respondent

1

Mr. Mendoza pursued an automatic direct appeal to the Texas Court of Criminal Appeals ["CCA"], which denied all relief on November 5, 2008. *Mendoza v. State*, No. AP-75,213, 2008 WL 4803471 (Tex. Crim. App. Nov. 05, 2008).

(3)

Thereafter Mr. Mendoza sought state post-conviction relief. He was represented throughout state habeas proceedings by appointed attorney Lydia Brandt. The CCA denied all relief on June 10, 2009. *Ex parte Mendoza*, No. WR-70,211-01, 2009 WL 1617814 (Tex. Crim. App. June 10, 2009) (Unpub.)

(4)

On June 30, 2009, the U.S. District Court for the Eastern District of Texas appointed Ms. Brandt to represent Mr. Mendoza in federal habeas corpus proceedings. Through counsel, Mr. Mendoza filed a petition for writ of habeas corpus in the Eastern District of Texas on June 2, 2010, an amended petition on January 5, 2011, and a second amended petition on June 8, 2011. On September 28, 2012, this Court denied all relief. *See Mendoza v. Thaler*, No. 5:09-cv-00086 (E.D. Tex.) 2020 WL 10759617, Docket entries #3, #6, #23, #36, and #65.

(5)

Ms. Brandt continued to represent Mr. Mendoza as appointed counsel on appeal to the U.S. Court of Appeals for the Fifth Circuit. *See Mendoza v. Lumpkin*, No. 12-70035 (5th Cir.). While the case was pending in the Fifth Circuit, the U.S.

2

Supreme Court issued its opinion in *Treviño v Thaler*, 569 U.S. 413 (2014), applying its earlier decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), to Texas capital habeas litigants. Relying on *Martinez/Treviño*, on March 31, 2015, the Fifth Circuit remanded Mr. Mendoza's case back to the District Court for the appointment of supplemental, conflict-free federal counsel. *Mendoza v Stephens*, 783 F.3d 203 (5th Cir. 2015).

(6)

On remand, on May 7, 2015, this Court appointed attorney Jeff Haas to represent Mr. Mendoza as supplemental counsel. *See Mendoza v. Thaler*, *supra*, Docket entry #76. In an amended federal petition filed on November 4, 2016, Mr. Haas presented new issues that Ms. Brandt had previously failed to raise. *Id.*, Docket entry #86. Citing *Martinez/Treviño*, Mr. Haas sought to establish cause and prejudice for any perceived procedural default arising from Ms. Brandt's failure to raise these issues in either state or federal proceedings, in part by asserting Ms. Brandt's ineffectiveness as state habeas counsel. *Id.* This Court denied relief to Mr. Mendoza on November 14, 2019. *Id.*, Docket entry #101.

(7)

On December 12, 2019, Haas filed a motion to withdraw as counsel. *Id.* Docket entry #105.

(8)

3

On January 14, 2020, attorney Jason Zarrow, with the law firm of O'Melveny & Myers, LLP, noticed his appearance as *pro bono* counsel for Mr. Mendoza, and sought and was granted *pro hac vice* admission to appear in the Eastern District of Texas for these proceedings. Other members of Mr. Zarrow's firm also noticed their appearances before the District Court. On February 4, 2020, this Court granted Mr. Haas's pending motion to withdraw as counsel for Mr. Mendoza.[2] *Id.*, Docket entries #117, #118, #122, #123.

(9)

After considering Mr. Mendoza's Motion to Alter and Amend Judgment, the District Court denied all relief and entered final judgment on July 6, 2020. *Id.*, Docket entry #129.

(10)

On July 15, 2020, Mr. Mendoza appealed the Court's denial of relief once again to the U.S. Court of Appeals for the Fifth Circuit. The Court of Appeals denied all relief on August 31, 2023. *Mendoza v. Lumpkin*, 81 F.4th 461 (5th Cir. 2023).

(11)

---

[2] On June 5, 2020, the Fifth Circuit Court of Appeals granted Ms. Brandt's Motion to Withdraw as counsel for Mr. Mendoza.

4

*Pro bono* counsel then filed a petition for writ of certiorari in the U.S. Supreme Court, which was denied on October 7, 2024. *Mendoza v. Lumpkin*, 145 S. Ct. 138 (2024).

(12)

Seven days after the Supreme Court denied certiorari, and without prior notice to counsel, on November 14, 2024, the District Attorney sought and the 401st Judicial District Court of Collin County, Texas, entered an order scheduling Mr. Mendoza's execution for April 23, 2025.

(13)

After the order setting an execution date was entered, *pro bono* counsel sought the assistance of Texas Regional Habeas Assistance and Training (HAT) Counsel seeking to find counsel experienced in end-stage capital litigation. HAT Counsel identified and recruited Jeffrey Ertel.

(14)

On December 26, 2024, *pro bono* counsel filed an Motion for Expedited Appointment of Counsel, noting that *pro bono* counsel wished to remain as counsel for Mr. Mendoza but they lacked experience in litigating capital end-stage issues. *Mendoza v. Thaler*, *supra*, Docket entry #136.

(15)

On January 8, 2025, this Court entered an order appointing undersigned, Jeffrey L. Ertel, pursuant to 28 U.S.C. § 3599. *Id.*, Docket entry #137.

(16)

Mr. Ertel entered his notice of appearance on January 14, 2025, and was informed that a budget would have to be submitted. *Id.*, Docket entry #139.

(17)

In preparation for clemency, and in order to submit an accurate proposed budget, Mr. Ertel immediately began a review of the trial record, the state and federal habeas corpus record, as well as reviewing samples of past clemency petitions. *See* Appendix A, Declaration of Jeffrey L. Ertel.

(18)

After having discussions with budgeting staff of the Fifth Circuit Court of Appeals, Mr. Ertel filed an *Ex Parte* Motion for Approval of Budget on February 27, 2025. *Mendoza v. Thaler*, *supra*, Docket entry #141.

(19)

Included in the *Ex Parte* Motion for Approval of Budget, were provisions for travel to meet with Mr. Mendoza, his family and potential clemency witnesses. *Id*.

(20)

Thereafter, budget staff with the Fifth Circuit, notified Mr. Ertel that this Court required a Motion for each instance counsel intended to travel.  See Appendix A.

(21)

Mr. Ertel then filed a Motion for Permission to Travel on March 17, 2025. *Mendoza v. Thaler*, *supra*, Docket entry #142.

(22)

As of this filing, the motions filed by Mr. Ertel are still pending.

## JURISDICTION

This Court has jurisdiction to stay Mr. Mendoza's execution to vindicate his 28 U.S.C. § 3599 right to meaningful appointed counsel.  See *Battaglia v. Stephens*, 824 F.3d 470, 475 (5th Cir. 2016) ("Once a capital defendant invokes his § 3599 right, a federal court also has jurisdiction under 28 U.S.C. § 2251 to enter a stay of execution to make the defendant's §3599 right effective." (internal quotations omitted)); *McFarland v. Scott*, 512 U.S. 849, 858 (1994) (federal courts have jurisdiction to enter stays of execution to give meaningful effect to the defendant's right to counsel). Finally, the undersigned has filed this motion in a timely manner after his initial appointment on January 7, 2025. *See Beatty v. Lumpkin*, 2022 WL 5417480 (2022), *aff'd* 52 F.4th 632 (denying stay but noting statutory exception that "a federal court may order a stay of execution of up to

ninety days following a prisoner's application for appointment of counsel pursuant to § 3599.

## ARGUMENT AND AUTHORITY

### I. Mr. Mendoza has the Right to a Meaningful Appointment of Counsel

Pursuant to 28 U.S.C. § 3599(e), death-sentenced prisoners have the statutory right to appointed counsel who will zealously represent them in all end-phase proceedings, including executive clemency. *See Harbison v. Bell*, 556 U.S. 180, 191-94 (2009). The specific purposed of enacting Section 3599 was to ensure that death-sentenced prisoners would have counsel and not be "left to navigate the sometimes labyrinthine clemency process from their jail cells." *Id*, at 194. Section 3599's right to counsel contemplates that the appointment of counsel be "meaningful." *Harbison*, 556 U.S. at 194. Indeed, the right to representation "necessarily includes a right for that counsel to meaningfully research and present a defendant's … claims." *McFarland*, 512 U.S. at 858. *See also*, *Bataglia*, 824 F.3d at 475 (death-sentenced prisoner entitled to a stay of execution to make the defendant's right to counsel "effective.").

The American Bar Association has promulgated guidelines for attorneys who represent capitally charged defendants, including at the clemency stage of proceedings. The Guidelines provide:

**Guideline 10.15.2          Duties of Clemency Counsel**

8

    A.    Clemency counsel should be familiar with the procedures for and permissible substantive content of a request for clemency.

    B.    Clemency counsel should conduct an investigation in accordance with Guideline 10.7.[3]

    C.    Clemency counsel should ensure that clemency is sought in as timely and persuasive a manner as possible, tailoring the presentation to the characteristics of a particular client, case and jurisdiction.

    D.    Clemency counsel should ensure that the process governing consideration of the client's application is substantively and procedurally just, and, if it is not, seek the appropriate redress.

*See* ABA Guidelines.

These tasks are only the beginning of what is required of counsel representing a death sentenced inmate in his clemency proceedings. As the Commentary to Guideline 10.15.2 states, "further investigation is critical at this stage."

> Counsel should be familiar with the clemency-dispenser, and with the factors the clemency-dispenser has historically found persuasive. As possible innocence is the most frequently cited reason for clemency, if there is a possibility that the client is innocent, counsel should mobilize an especially detailed investigation to determine whether confidence in the client's guilt can be undermined. If doubts about the fairness of the judicial proceedings that produced the death sentence have led to clemency in other cases, counsel should consider whether particular

---

[3] Guideline 10.7 addresses what is required for investigating a capital case. "Counsel at every stage have an obligation to conduct thorough and independent investigations into the issues of both guilt and penalty." *Id*. at § A. It further provides that for counsel at successive stages, including clemency, "have an obligation to conduct a full examination of the defense provided to the client at all prior phases of the case." *Id* at § B.

>instances of procedural unfairness can be set out as to the client's case. If personal characteristics of the condemned . . . have proven helpful in past clemency proceedings, then counsel should discover and demonstrate examples of the client's similar characteristics to the extent possible. In any event, the presentation should be as complete and persuasive as possible.

*Id*. at 1089-1090. *See also* Guidelines and Standards for Texas Capital Counsel, Guideline 12.2 (C), 69 Tex. B.J. 966, 982 (2006).

Because undersigned counsel, Ertel, has not been granted permission to travel, he cannot comply with the ABA Guidelines and cannot provide meaningful representation in these circumstances.

## II.   Mr. Mendoza's Counsel Cannot Provide Meaningful Representation

Mr. Ertel, the only counsel in the case with capital end-stage litigation experience, has been prevented from providing meaningful representation to Mr. Mendoza during this critical stage of the proceedings.

Mr. Ertel came to the table late in the process and has endeavored to learn the record and ascertain what defenses were provided to Mr. Mendoza at prior phases of the trial. He has spent considerable time reading the trial transcript and the state and federal habeas record. However, in order for him to satisfy his obligation to "conduct [a] thorough and independent investigation[]" he must be able to travel from his home to Texas to meet with Mr. Mendoza and discuss the case and appropriate issues to be raised in the petition. Further, Mr. Ertel must locate and interview potential clemency witnesses, including Mr. Mendoza's

10

family. The vast majority, if not all, of these potential witnesses are located in Texas. Mr. Ertel does not live in Texas and must travel there to conduct the investigation the ABA and Texas Guidelines and *Harbison* envision.

Mr. Ertel has, in accordance with the instructions he has been given, filed a motion for approval of a proposed budget. In that motion, Mr. Ertel specifically requested that he be allowed to travel on two occasions. *Mendoza v. Thaler*, *supra*, Docket entry #141 at 5. After that motion was filed, Mr. Ertel was informed that this Court required individual motions for each instance counsel contemplated over-night travel. *See* Appendix A at 2, ¶ 5. That motion was filed on March 17, 2025, seeking permission to travel March 25 to March 29, 2025. *Mendoza v. Thaler*, *supra*, Docket entry #142. Neither the motion for approval of proposed budget or the motion for permission to travel have been addressed. Consequently, Mr. Ertel has not been able to meet with Mr. Mendoza or any potential clemency witnesses since his appointment.

Under Texas' clemency procedures, any clemency application must be submitted 21 days prior to the scheduled execution. Thus, Mr. Mendoza's clemency petition must be submitted on or before April 2, 2025, **twelve days from the filing of this Motion**. Given the timing of the execution, the due date of the petition, and the timing of Mr. Ertel's appointment by this Court, Mr. Ertel cannot possibly provide meaningful representation to Mr. Mendoza at this point. Mr.

11

Ertel possesses the skills required to meaningfully represent Mr. Mendoza during these clemency proceedings, he only needs the time and the resources necessary to allow him to satisfy his obligations under the Guidelines and *Harbison*.

WHEREFORE, this Court should enter an order staying the execution of Moises Sandoval Mendoza, currently scheduled for April 23, 2025

Dated, this the 21st day of March, 2025.

Respectfully submitted,

/s/ *Jeffrey Ertel*
Jeffrey Ertel
Ga. Bar. 249966
THE MENDELSOHN ERTEL LAW GROUP
101 Marietta Street, NW, Suite 3325,
Atlanta, GA 30303
(404) 885-8878
Jeffrey@tmelg.com

Jason Zarrow
California Bar. No. 297979
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
(213) 430-8369
jzarrow@omm.com

*Attorneys for Petitioner*
*Moises Sandoval Mendoza*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing motion through the Court's CM/ECF system, which will provide electronic notification of the filing to counsel for all parties on March 21, 2025.

*/s/ Jeffrey Ertel*
Jeffrey Ertel

## CERTIFICATE OF CONFERENCE

I certify that counsel for Mr. Mendoza complied with the meet and confer requirement of Local Rule CV-7(h).  On March 21, 2025, Evan Hindman of O'Melveny & Myers LLP conferred via email with Respondent's counsel, Ali Nasser, who stated that Respondent opposes the motion.

*/s/ Jeffrey Ertel*
Jeffrey Ertel