IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| MOISES MENDOZA, § | |
|     *Petitioner*, § | |
| § | |
| v. § | Civ. No. 5:09-cv-00086-RWS |
| § | *DEATH PENALTY CASE* |
| ERIC GUERRERO, Director, § | (execution scheduled April 23, 2025) |
| Texas Department of Criminal § | |
| Justice, Correctional Institutions § | |
| Division, § | |
|     *Respondent*. § | |

**RESPONDENT'S OPPOSITION TO PETITIONER'S
MOTION FOR A STAY OF EXECUTION**

                                                KEN PAXTON
                                                Attorney General of Texas

                                                BRENT WEBSTER
                                                First Assistant Attorney General

                                                JOSH RENO
                                                Deputy Attorney General
                                                for Criminal Justice

                                                TOMEE M. HEINING
                                                Chief, Criminal Appeals Division

                                                ALI M. NASSER*
*\* Counsel of Record*                         Assistant Attorney General
                                                State Bar No. 24098169
                                                P. O. Box 12548, Capitol Station
                                                Austin, Texas 78711
                                                (512) 936-2134

                                                *Counsel for Respondent*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ ii
TABLE OF AUTHORITIES ........................................................................................ iii
INTRODUCTION ......................................................................................................... 1
STATEMENT OF THE ISSUES .................................................................................. 1
PROCEDURAL HISTORY .......................................................................................... 2
SUMMARY OF THE ARGUMENT ........................................................................... 5
ARGUMENT ................................................................................................................. 5
I.  Mendoza Is Not Entitled to a Stay of Execution. ................................................ 6
    A.  Mendoza is not entitled to a stay under *McFarland*. ............................. 6
    B.  Mendoza is not entitled to a stay under *Nken*. ..................................... 11
II. This Court Lacks Jurisdiction to Stay Mendoza's Execution. ........................ 13
CONCLUSION ............................................................................................................ 14
CERTIFICATE OF SERVICE .................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Ayestas v. Davis*,
  584 U.S. 28 (2018) ............................................................................................ 12

*Battaglia v. Stephens*,
  824 F.3d 470 (5th Cir. 2016) ............................................................................ 13

*Brown v. Stephens*,
  762 F.3d 454 (5th Cir. 2014) ............................................................................ 12

*Charles v. Stephens*,
  612 F. App'x 214 (5th Cir. 2015) ............................................................ 6, 7, 13

*Harbison v. Bell*,
  596 U.S. 180 (2009) ............................................................................................ 5

*Holiday v. Stephens*,
  No. H-11-1696, 2015 WL 10733909 (S.D. Tex. Oct. 22, 2015) ........................ 7

*Martel v. Clair*, 565 U.S. 648 (2012) ................................................................... 13

*McFarland v. Scott*,
  512 U.S. 849 (1994) ................................................................................... 5, 6, 7

*Mendoza v. Lumpkin*,
  145 S. Ct. 138 (2024) .......................................................................................... 2

*Mendoza v. State*,
  AP-75,213, 2008 WL 4803471 (Tex. Crim. App. Nov. 5, 2008) ....................... 2

*Nken v. Holder*,
  556 U.S. 418 (2009) ..................................................................................... 6, 13

*Sandoval Mendoza v. Lumpkin*,
   81 F.4th 461 (5th Cir. 2023) .............................................................................. 8

*Speer v. Stephens*,
  781 F.3d 784 (5th Cir. 2015) .............................................................................. 8

*United States v. Vialva,*
  976 F.3d 458 (5th Cir. 2020) .......................................................................... 13

*Wilkins v. Davis,*
  832 F.3d 547 (5th Cir. 2016) ............................................................................ 8

**Statutes**

18 U.S.C. § 3599 ................................................................................................ 3, 5

28 U.S.C. § 2251 .................................................................................................. 13

28 U.S.C. § 2251(a)(3) ............................................................................... 5, 13, 14

Tex. Admin. Code § 143.43(b) ............................................................................ 12

# INTRODUCTION

Petitioner Moises Mendoza was properly convicted and sentenced to die by a Texas jury for the murder of Rachelle Tolleson. Mendoza is scheduled to be executed after 6:00 p.m. (Central Time) on April 23, 2025. He has unsuccessfully challenged his conviction and death sentence in state and federal court. Despite already having pro bono counsel, Mendoza was permitted appointment of supplemental counsel in January 2025 to handle his clemency petition—due April 2, 2025. Since the conclusion of his federal habeas proceedings, Mendoza has not filed any substantive pleading in any Court relating to his conviction or sentence. Yet he now seeks a stay of execution predicated on an inconsequential four-day period during which his motion for funding to travel (to interview clemency witnesses) was pending before this Court. This kind of last-ditch motion smacks of intentional delay. For the reasons that follow, it should be rejected outright.

# STATEMENT OF THE ISSUES

Mendoza seeks a stay of execution because this Court took a few business days before granting his counsel's motion for funding for travel so that he could interview clemency witnesses. Counsel for Mendoza had planned to fly from Fort Myers, Florida to Houston, Texas on March 25, 2025, and on March 17, 2025, he sought funding for the trip. ECF No. 142. By March 21, 2025, the Court had not yet granted the funding, and Mendoza then moved for a stay of

~1 ~

execution, arguing that he couldn't adequately investigate his clemency claims because the Court had not yet ruled on his funding motion. ECF No. 143 (Mot.). On March 22, 2025, this Court granted Mendoza's motion for funding, mooting any concerns with fulfilling counsel's March 25, 2025 travel plans. As this Court's March 22, 2025 Order mooted any purported concerns Mendoza's counsel had, his motion to stay the execution should be denied. Moreover, this Court lacks jurisdiction to stay Mendoza's execution.

## PROCEDURAL HISTORY

Mendoza was convicted and sentenced to death for the murder of Tolleson. *Mendoza v. State*, AP-75,213, 2008 WL 4803471, at *1–2 (Tex. Crim. App. Nov. 5, 2008). While a full recitation of the facts is unnecessary here, Mendoza kidnapped and sexually assaulted Tolleson, strangled and stabbed her, and burned her body to destroy the evidence—leaving her in a field covered in vegetation. *Id.* The Court of Criminal Appeals upheld Mendoza's conviction and death sentence. *Id.* at *28. Mendoza exhausted all his state and federal avenues of habeas relief in postconviction proceedings spanning over a decade; they concluded on October 7, 2024, when the Supreme Court denied Mendoza's petition for a writ of certiorari. *Mendoza v. Lumpkin*, 145 S. Ct. 138 (2024).

One month later, on November 14, 2024, the trial court entered an order scheduling Mendoza's execution for April 23, 2025. On December 26, 2025,

Mendoza's pro bono counsel moved for appointment of supplemental counsel under 18 U.S.C. § 3599. ECF No. 136. His counsel made clear they intended to "continue to represent Mr. Mendoza *pro bono*" but sought "appointment of additional counsel with experience representing condemned prisoners at this stage of the proceedings." *Id*. at 1. Pro bono counsel identified Jeffrey Ertel as the requested supplemental counsel. *Id*. On January 8, 2025, this Court granted the motion and appointed Mr. Ertel as counsel under § 3599. ECF No. 137. Mr. Ertel entered a notice of appearance six days later. ECF No. 138.

At some point after his appointment, Mr. Ertel contacted the budgeting staff for the Fifth Circuit, who advised Mr. Ertel to submit a budget proposal. ECF No. 143-1 (Ertel Decl.) at 1–2.[1] Mr. Ertel submitted a proposed budget on February 27, 2025. *Id*. at 2; *see also* ECF No. 141.[2] According to Mr. Ertel, the budgeting staff informed him on March 12, 2025, that the Court wanted him to "submit a written motion seeking permission to travel for each time [he] planned overnight travel." Ertel Decl. at 2–3. Mr. Ertel filed the motion on March 17, 2025, five days later. ECF No. 142. The motion sought funding for

---

[1] As these proceedings concern budgeting matters, sometimes handled ex parte, the Director relies on Mendoza's declarations and filings to piece together some of the procedural history.

[2] The pleading docketed as ECF No. 141 was submitted ex parte, is not on the public docket, and the Director does not have access to it. The Director assumes it is the February 27, 2025 budgeting motion referred to in Mr. Ertel's declaration.

travel, food, and lodging for a March 25, 2025, trip from Fort Myers, Florida, to Houston, Texas, with a return date of March 28, 2025. ECF No. 142 at 2–3.

On March 21, 2025, only four days after Mendoza filed this motion for travel funding, he moved for a stay of execution; he argued that, because the Court had not yet granted his motion for travel funding, "Mr. Ertel cannot possibly provide meaningful representation to Mr. Mendoza at this point." Mot. at 11. But, just one day later, this Court granted Mr. Ertel's motion for funding, thereby funding his March 25, 2025 trip to Houston. ECF No. 144 (Order) at 1. The Court also ordered expedited briefing on Mendoza's motion to stay his execution. *Id.* at 2.

On Sunday, March 22, 2025, counsel for the Director contacted Mendoza's counsel to meet and confer on a potential joint motion to withdraw the motion for a stay of execution, as this Court's funding order mooted the concerns in the motion for stay of execution. By Monday afternoon, Mendoza's counsel had not responded, so counsel for the Director followed up again. Mendoza's counsel then responded shortly thereafter, "[w]e disagree that the Court's funding grant obviates the concerns raised in the stay motion, so do not agree that the motion is moot." Mendoza's counsel provided *no explanation* on how that could possibly be the case. Therefore, the Director files this opposition under this Court's expedited briefing deadline.

~4 ~

## SUMMARY OF THE ARGUMENT

Mendoza claims that, because he was not given funding to travel and investigate his clemency petition, he has been deprived of "meaningful" representation of counsel appointed under 18 U.S.C. § 3599. Because Mendoza has been represented by his current pro bono counsel for more than five years, he provides no basis on which to conclude he has been or will be deprived of meaningful representation. And because this Court has granted Mendoza his requested funding, his argument is moot and meritless. Moreover, as no federal habeas petition has been filed, this Court lacks jurisdiction to stay Mr. Mendoza's execution.

## ARGUMENT

Prisoners facing execution may be appointed counsel under 18 U.S.C. § 3599, and counsel appointed under that statute is obligated to represent the prisoner in state-clemency proceedings. *Harbison v. Bell*, 596 U.S. 180, 194 (2009). Moreover, "once a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction under 28 U.S.C. § 2251 to enter a stay of execution." *McFarland v. Scott*, 512 U.S. 849, 858 (1994). That power has been statutorily codified as well, but the statute limits the duration of the stay to ninety days from the appointment of counsel. 28 U.S.C. § 2251(a)(3). That power is also wholly discretionary. *Id*. (a court "*may* stay execution of the sentence of death" (emphasis added)).

## I.     Mendoza Is Not Entitled to a Stay of Execution.

Assuming this Court has jurisdiction to grant a stay, Mendoza must demonstrate an entitlement to one. *McFarland*, 512 U.S. 849. "Under *McFarland*, if a prisoner succeeds on his § 3599 motion but has insufficient time to meaningfully exercise that right because of an impending execution, the Supreme Court has instructed federal courts to grant a stay." *Charles v. Stephens*, 612 F. App'x 214, 222 (5th Cir. 2015). In other contexts, however, courts reviewing motions for a stay of execution typically apply the four-factor test set out in *Nken v. Holder*, 556 U.S. 418, 425–26 (2009). *Charles*, 612 F. App'x at 218 n.7. In the § 3599 context, "[i]t is not clear whether [a] motion for stay is governed by *McFarland* or by the *Nken* factors." *Charles*, 612 F. App'x at 222. But under either standard, Mendoza fails.

### A.     Mendoza is not entitled to a stay under *McFarland*.

Mendoza's invocation of *McFarland* to his present situation is baseless. *McFarland* involved a situation in which a Texas petitioner was set for execution before he had ever been appointed federal counsel or filed a federal habeas petition. 512 U.S. at 851. McFarland then filed a pro se motion for appointment of federal counsel and a stay of execution in federal district court, both of which were denied. *Id.* at 852. The Supreme Court held that McFarland was entitled to appointed counsel and that, to give effect to the appointment,

~6 ~

"a federal court also has jurisdiction under § 2251 to enter a stay of execution." *Id*. at 858.

The Supreme Court, however, made clear that "[t]his conclusion by no means grants capital defendants a right to an automatic stay of execution" but rather "dedicates the exercise of stay jurisdiction to the sound discretion of a federal court." *Id*. It held that, where counsel has been provided time "meaningfully to research and present a defendant's habeas claims[,]" a stay might not be proper. *Id*. And as is relevant here, the Supreme Court instructed that "if a dilatory capital defendant inexcusably ignores this opportunity and flouts the available processes, a federal court presumably would not abuse its discretion in denying a stay of execution." *Id*. Mendoza's argument fails because he has not been meaningfully deprived of clemency counsel and because he has clearly "flout[ed] the available processes[.]" *Id*.

***First,*** Mendoza has been represented by his current pro bono counsel for more than five years. ECF Nos. 117, 122. Counsel have not abandoned Mendoza for purposes of filing a clemency application, and there is no reason to conclude they are unable to effectively represent Mendoza for that purpose. *Cf. Holiday v. Stephens*, No. H-11-1696, 2015 WL 10733909, at *1 (S.D. Tex. Oct. 22, 2015) ("With less than a month remaining before the date of execution, the experience [appointed counsel] have with this complex case strongly weighs against substituting counsel. The substitution of counsel without cause

~7~

on the eve of execution would only insert uncertainty and unnecessary delay in the enforcement of an otherwise valid criminal judgment."), *aff'd* 806 F.3d 334 (5th Cir. 2015). Moreover, Mendoza has been afforded counsel under § 3599 to prepare a clemency application who can draw on the "rich resource"[3] of his co-counsel's work. *Speer v. Stephens*, 781 F.3d 784, 787 (5th Cir. 2015). Mendoza cannot justify a stay of execution at this late date given the lengthy and repeated opportunities he had in federal court to investigate his case. *Cf. Wilkins v. Davis*, 832 F.3d 547, 552 (5th Cir. 2016) (explaining that it is not an abuse of discretion to deny funding to support an investigation to prepare a clemency application where it would not provide the Board of Pardons and Paroles and the Governor with material information beyond what has already been investigated). Mendoza could not be deprived of meaningful representation given the background of his case. *See Sandoval Mendoza v. Lumpkin*, 81 F.4th 461, 467 (5th Cir. 2023) (describing the multiple opportunities provided to Mendoza to identify a substantial claim of ineffective assistance of trial counsel).

Nonetheless, Mendoza was given additional representation above and beyond his able pro bono counsel through the January 8, 2025 appointment of Mr. Ertel as supplemental counsel—over three months before his execution

---

[3] Pro bono counsel is a law firm of over 850 lawyers with three Texas locations. O'Melveny & Meyers LLP, https://omm.com/our-firm/ (last accessed Mar. 25, 2025).

~8~

date. ECF No. 137. But this appointment was not "meaningful," Mendoza argues, because he was not granted funding so that Mr. Ertel could travel on March 25, 2025 to interview clemency witnesses: "Because undersigned counsel, Ertel, has not been granted permission to travel, he cannot comply with the ABA Guidelines and cannot provide meaningful representation in these circumstances." Mot. at 10.

Mendoza dilutes the word "meaningful." This Court granted Mendoza funding on March 22, 2025, in time for his planned travel, and noted that Mendoza's counsel had no reason to cease representation upon waiting for a ruling on the funding motion: "There was no reason for Petitioner's counsel to delay Petitioner's representation while this motion was pending. Further this order approves Counsel's travel prior to his requested travel dates." Order at 2. And yet, despite this Court remedying the *exact problem* undergirding the motion for a stay of execution, Mendoza declined to withdraw the motion. His tactics therefore smack of pretextual delay.[4] Whatever issues that were

---

[4] Even if there were some additional problem that this Court's order did not resolve, Mendoza could have informed counsel for the Director of any such issues. He did not. Upon discussion with the local district attorney, counsel for the Director has learned that Mr. Ertel claims he cannot visit with Mr. Mendoza until March 31, 2025. The Director is unaware why this is the case, as Mr. Ertel's original plan was to visit Mr. Mendoza between March 25, 2025, and March 28, 2025. As it is now, the Director can only respond to what Mendoza briefed in his motion. In any event, it is unclear why an in-person visitation was delayed or why it is even necessary at this time to make Mr. Ertel's appointment meaningful.

articulated in the motion for a stay of execution are moot. Mendoza's "meaningfulness" argument fails.

***Second,*** Mendoza is clearly flouting the available processes to him to seek delay. As this Court noted, "Petitioner's counsel filed his motion for permission to travel more than two months after he had been appointed." Order at 2. Moreover, Mendoza's counsel apparently didn't submit a budget management plan until February 27, 2025,[5] over six weeks after his appointment. Ertel Decl. at 2. Mr. Ertel says he needed time to get familiar with the case,[6] and Mendoza invoked "the timing of Mr. Ertel's appointment by this Court" as a reason "Mr. Ertel cannot provide meaningful representation to Mr. Mendoza at this point." Mot. at 11. But Mendoza's pro bono counsel has stayed on and should have been available to speed up whatever process of familiarizing was necessary. More egregiously, Mendoza's invocation of Mr. Ertel's recent appointment is also a breach of Mendoza's agreement that he "is not planning to seek delay based on the appointment [of Mr. Ertel] itself." Ex.

---

[5] Mr. Ertel's affidavit does not specify when he contacted the budgeting staff for the Fifth Circuit Court. Ertel Decl. at 1.

[6] Mr. Ertel also cites to his need to review "requirements and deadlines for submission of a Texas clemency petition, and with previous clemency efforts in Texas." Ertel. Decl. at 2. Pro bono counsel, however, vouched for Mr. Ertel's expertise in these matters in seeking appointment. Now his need to get up to speed on the very matters he was purportedly an expert in is being used as a reason to further delay proceedings.

~10 ~

A. The Director's non-opposition to Mendoza's motion for appointment was contingent on that representation.

There is further foot dragging that Mendoza doesn't explain. He said he filed his proposed budget on February 27, 2025, and it wasn't until March 12, 2025, that the budgeting staff informed Mr. Ertel that he needed to submit a specific motion seeking permission for travel "for each time [he] planned overnight travel." Ertel. Decl. at 2–3. Again, with time of the essence, Mendoza took *five additional days* to submit his travel funding motion. ECF No. 142. Not only that, but the motion was not submitted as an emergency motion, as is permitted under the local rules. L.R. CV-7(l). Nor is the Director aware of any contact with the Court seeking an expedited ruling on the motion.

In short, Mendoza made his own mess. This Court issued a Saturday order, rescuing Mendoza from the very mess that he created. As this Court's March 22, 2025 order moots Mendoza's stated concerns, this Court should deny his motion for a stay of execution.

### B.   Mendoza is not entitled to a stay under *Nken*.

In the alternative, in considering whether to grant a stay under *Nken*, a court considers (1) whether the petitioner has made a strong showing that he is likely to succeed on the merits, (2) whether the petitioner will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure

the other parties interested in the proceeding, and (4) where the public interest lies. *Charles*, 612 F. App'x at 218 n.7 (citing *Nken*, 556 U.S. at 425–26).

Mendoza is not entitled to a stay to prepare a clemency petition. He has not pointed to *any* evidence indicating that he would be granted clemency, and his sordid criminal history and his brutal murder of Rachelle Tolleson renders those prospects dim. *Cf. Brown v. Stephens*, 762 F.3d 454, 460–61 (5th Cir. 2014) (affirming denial of funding for purposes of preparing a clemency petition because, *inter alia*, the petitioner's crime was "brutal" and there could "be little doubt but that the facts of [the] crime [would] weigh heavily in his clemency proceedings"), *abrogated on other grounds by Ayestas v. Davis*, 584 U.S. 28 (2018). And there is no irreparable injury because, with this Court's grant of funding, nothing is now preventing appointed counsel from following through on his planned clemency investigation, especially given that Texas statute permits Mendoza to supplement his clemency application up to fifteen days before the scheduled execution—in this case, April 8, 2025. Tex. Admin. Code § 143.43(b).

Finally, the public's interest here lies in executing sentences duly assessed. It has been two decades, since Mendoza was convicted of capital murder, and Mendoza has passed through the state and federal collateral review process. The public's interest is not advanced by postponing Mendoza's execution any further, and the State opposes any action that would cause

further delay. *Martel v. Clair*, 565 U.S. 648, 662 (2012) ("Protecting against abusive delay *is* an interest of justice.") (emphasis in original). Two decades after Mendoza murdered Rachelle Tolleson, justice should no longer be denied. *See United States v. Vialva*, 976 F.3d 458, 462 (5th Cir. 2020).

## II.   This Court Lacks Jurisdiction to Stay Mendoza's Execution.

Mendoza invokes the Fifth Circuit opinion in *Battaglia v. Stephens*, 824 F.3d 470, 475 (5th Cir. 2016), to argue that this Court has jurisdiction to stay his execution under 28 U.S.C. § 2251. But § 2251(a)(1) only gives a district court jurisdiction to enter a stay when a habeas petition is currently pending. § 2251(a)(1),(2); *see also Rosales v. Quarterman*, 565 F.3d 308, 311 (5th Cir. 2009). In citing *Battaglia*, the Director construes Mendoza to be invoking this Court's authority to stay an execution under § 2251(a)(3). That provision permits a district court to stay an execution of death upon a petitioner's application for appointment of § 3599 counsel, which can last no longer than ninety days after counsel is appointed. *Id*. That seems to be the provision that the Fifth Circuit applied in granting a stay in *Battaglia*.[7] *Battaglia,* 824 F.3d

---

[7]   In *Battaglia*, the Fifth Circuit believed that the inmate's counsel had effectively abandoned him due to a misunderstanding of the law, leaving the inmate unrepresented for critical periods of time. *Battaglia*, 824 F.3d at 476. There has been no abandonment in this case, and pro bono counsel has represented Mendoza since before the execution date was set.

at 475–76 (granting stay predicated on the petitioner invoking "his § 3599 right").

Section 2251(a)(3), however, does not give authority for a stay here. That provision only permits a stay of execution for ninety days from the appointment of § 3599 counsel. § 2251(a)(3). Mr. Ertel was appointed on January 8, 2025. ECF No. 137. Therefore, this Court would only have jurisdiction to issue a stay of execution up to April 8, 2025. Accordingly, any stay of Mendoza's April 23, 2025 execution would be beyond the jurisdictional powers afforded under § 2251.

## CONCLUSION

For the above reasons, the Director respectfully requests that this Court deny Mendoza's Motion for a Stay of Execution.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

TOMEE M. HEINING
Chief, Criminal Appeals Division

~14 ~

|  |  |
|---|---|
| | /s/ Ali M. Nasser |
| | ALI M. NASSER* |
| *Counsel of Record* | Assistant Attorney General |
| | State Bar No. 24098169 |
| | |
| | P. O. Box 12548, Capitol Station |
| | Austin, Texas 78711 |
| | (512) 936-2134 |
| | (512) 936-1280 (Facsimile) |
| | Ali.Nasser@oag.texas.gov |
| | |
| | *Counsel for Respondent* |

## CERTIFICATE OF SERVICE

I certify that on March 26, 2025, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Eastern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" (NEF) to the following counsel of record, who consented in writing to accept the NEF as service of this document by electronic means:

Jason Zarrow
O'Melveny & Myers LLP-LA
400 South Hope Street
Los Angeles, CA 90071
jzarrow@omm.com

Melissa Cassel
O'Melveny & Myers LLP-San Francisco
Two Embarcadero Center
28th Floor
San Francisco, CA 94111
mcassel@omm.com

Jeffrey Ertel
The Mendelsohn Ertel Law Group, LLC
101 Marietta Street, N.W.
Suite 3325
Atlanta, GA 30303
jeffrey@tmelg.com

                                                /s/ Ali M. Nasser
                                                ALI M. NASSER
                                                Assistant Attorney General