IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MOISES SANDOVAL MENDOZA | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | No. 5:09-CV-00086 (RWS) |
| NATHANIEL QUARTERMAN, | : | |
| Director, Texas Dept of Criminal Justice, | : | |
| Correctional Institutions Division | : | |
| _____: | | |

**REPLY IN SUPPORT OF MOTION TO STAY EXECUTION**

Respondent's opposition ("Opp.") to Petition Moises Mendoza's Motion to Stay Execution ("Mot.") makes three arguments: (1) the prior involvement of *pro bono* counsel obviates the need for a stay and, by implication, an appointed § 3599 lawyer altogether, Opp. 1, 7-9; (2) appointed Counsel, Jeffrey Ertel, engaged in unnecessary delay since his appointment by the Court on January 8, 2025, Opp. 10; and (3) the Court is, in any event, without jurisdiction to grant a stay under these circumstances, Opp. 13-14. None of these arguments is sufficient to undermine the clear need for a brief window of time to ensure that Mr. Mendoza receives the "meaningful representation" he is entitled to by law in his clemency proceeding.

*First*, the continuing participation in this case of *pro bono* counsel does not justify denying Mendoza's motion. The basis for this motion is appointed clemency counsel's inability to perform his duty in duly preparing a clemency

1

application.[1] No doubt, Mr. Ertel can draw—and has drawn—on *pro bono* counsel's knowledge from years of representing Mendoza. But that does not detract from the fact that, absent an approved budget, Mr. Ertel could not meaningfully perform *his* function on the case.[2]

***Second***, contrary to Respondent's suggestion, Mr. Ertel has worked diligently and as efficiently as possible since his appointment on January 8. Respondent has cited two periods of time as unreasonable delay. The first period is between Mr. Ertel's appointment on January 8 and February 27, when Mr. Ertel first submitted his budget proposal. During that period, Mr. Ertel has on an almost daily basis conducted numerous tasks that are part and parcel of providing representation at this stage: reviewing relevant documents; meeting repeatedly with pro bono counsel and Texas expert counsel; identifying and reaching out to potential clemency witnesses; and drafting pleadings, including the budget necessary for the tasks to be completed. Mr. Ertel performed all these tasks while also representing pre-existing clients, including in capital cases.[3]

---

[1] Filing the stay motion was not a "breach" of Mendoza's agreement not "to seek delay based on the appointment itself." *See* Opp. 10-11; Docket entry #145-1. The motion is not based on Mr. Ertel's appointment, but rather the delay in approving Mr. Ertel's budget, which prevented him from "providing meaningful representation to Mr. Mendoza." Mot. 10.

[2] Indeed, the basis for Mr. Ertel's appointment was Mr. Mendoza's need for "additional counsel with extensive knowledge and experience representing defendants in applications for stays of execution and other appropriate motions and procedures," including "clemency." *See* Docket entry #136 at 2-4 (quotations omitted).

[3] Respondent asserts that counsel "has not pointed to any evidence indicating he would be granted clemency." Opp. 12. But whether a clemency petition will be ultimately successful is not

The second period is the filing the budget through March 21, 2025, when the stay motion was filed. The budget motion itself contained both an estimate of counsel hours required, as well as an itemization of expenses needed, including travel expenses for the case. At the time of the filing of the budget motion, Mr. Ertel's understanding was that any required travel expenses – including expenses for meeting with Mr. Mendoza at the Polunsky Unit in Livingston, Texas – were to be included in the case budget, and he did so, contemplating, inter alia, two interviews with his client. His understanding was that this was the means by which any costs associated with travel in the case were to be presented to the Court for approval. Mr. Ertel also understood that no travel in the case was permitted unless and until the case budget was approved. In short, the reason Mr. Ertel was unable to prepare the clemency petition, despite his diligence, is that he was waiting for approval of the funds necessary to meet with clemency witnesses.

Respondent asserts that the Court's eventual grant of an initial travel request on March 26 somehow moots the need for a stay of execution. Opp. 9-10. Unfortunately, while the time passed between the initial filing of the budget motion, the subsequent filing of specific travel request, and the Court's Order, the availability of attorney access to Mr. Mendoza also changed: prior open slots for attorney visits had been filled, thus delaying even further Mr. Ertel's opportunity to

---

relevant to whether Mr. Mendoza was able to receive "meaningful" representation.

meet and confer with his client. By the time the Court granted the specific travel request, the first available attorney-visit slot at the Polunsky Unit was March 31, a mere two days before the clemency application is due. Meaningful representation is simply not possible under these circumstances.[4]

***Finally,*** Respondent is incorrect that the Court lacks jurisdiction to enter a stay of execution. Section 3599 unequivocally states that indigent death sentenced inmates are entitled to appointed counsel who "shall represent the defendant *throughout every subsequent stage of available judicial proceedings, including . . . proceedings for executive or other clemency* as may be available to the defendant." 18 U.S.C. §§ 3599(2) (emphasis added). Stays of execution are granted where appointed counsel can no longer represent a client for clemency.[5] "'[O]nce a capital defendant invokes his § 3599 right, a federal court also has jurisdiction under [28 U.S.C.] § 2251 to enter a stay of execution' to make the defendant's § 3599 right effective." *Battaglia v. Stephens*, 824 F.3d 470, 475 (5th Cir. 2016).[6]

---

[4] Counsel for Respondent contacted Mr. Ertel on March 25, offering the availability of an attorney-client visit slot for March 27. Unfortunately, by then, Mr. Ertel had secured travel plans for other Texas-based investigations and for the March 31 interview with Mr. Mendoza.

[5] *See, e.g.*, *Ramirez v. Davis*, No. 2:12-cv-00410, Dkt. 48 (S.D. Tex. Jan. 31, 2017) (Ramos, J.) (granting a stay of execution where client had effectively been without counsel for state clemency; client had desired a clemency petition to be filed, but wanted his then-current attorney to withdraw, thus that attorney "had a duty to either (1) inform the Court of his client's wishes and seek the substitution of new counsel or (2) ensure that a clemency petition was filed on his client's behalf."), *aff'd by Ramirez v. Davis*, No. 17-70005 (5th Cir. Feb. 1, 2017); *Wilkins v. Davis*, 832 F.3d 547, 558 (5th Cir. 2016) ("[C]ounsel is authorized--and indeed obligated--to continue representing [a capital] defendant until the court permits him to withdraw.").

[6] Respondent argues that § 2251 is unavailable to Mr. Mendoza because under subsections (a)(1)

Respondent argues that Mr. Mendoza is not entitled to a stay of execution because § 3599 states that a "stay shall terminate not later than 90 days after counsel is appointed." Opp. 13-14. In any event, issuing a stay of execution "for ninety days from the appointment of §3599 counsel . . . up to April 8, 2025" as Respondent suggests would still provide necessary relief to Mr. Mendoza. . As Respondent well knows, federal courts have the power to stay an execution, but only state trial courts have the power to modify an execution date. *See* Tex. Code Crim. Proc. art. 43.141(b-1). For purposes of Respondent's interpretation of § 2251, Texas federal courts have never entered a stay for a finite period of time. Thus, once a stay is entered by the federal courts the state must then seek an execution date anew, which must be a minimum of 90 days from the day the convicting court enters the order setting the execution date. *Id*. at 43.141(c). That additional time would allow Mr. Ertel additional time to provide "meaningful representation" for Mr. Mendoza's clemency petition.

---

and (2) of the statute, a federal court only has jurisdiction when a petition is "pending." Opp. 13. However, § 2251(a)(3) only limits jurisdiction to enter a stay to "a court that would have jurisdiction to entertain a habeas corpus application regarding that sentence." Indeed, in *Battaglia*, there was no habeas petition pending when the Fifth Circuit granted the petitioner's motion to stay. 824 F.3d at 471.

Dated, this the 28th day of March, 2025.

                                                  Respectfully submitted,

/s/ *Jeffrey Ertel*
Jeffrey Ertel
Ga. Bar. 249966
THE MENDELSOHN ERTEL LAW GROUP
101 Marietta Street, NW, Suite 3325,
Atlanta, GA 30303
(404) 885-8878
Jeffrey@tmelg.com

Jason Zarrow
California Bar. No. 297979
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
(213) 430-8369
jzarrow@omm.com

*Attorneys for Petitioner*
*Moises Sandoval Mendoza*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing motion through the Court's CM/ECF system, which will provide electronic notification of the filing to counsel for all parties on March 28, 2025.

*/s/ Jeffrey Ertel*
Jeffrey Ertel
